# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Partovi,<br><br>            Petitioner,<br><br>v.<br><br>John Ashcroft, et al.,<br><br>            Respondents. | No. CV 03-1098- PHX-EHC (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Petitioner's Amended Petition for Writ of Habeas Corpus [Docket No. 35] filed pursuant to 28 U.S.C. § 2241; Petitioner's Motion for Release [Docket No. 42]; Respondents' Motion to Transfer Case [Docket No. 41]; and Respondent's Motion to Withdraw Motion to Transfer With Regard to Petitioner's Continued Detention [Docket No. 43]. Pursuant to the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b), this matter was referred to Magistrate Judge Jacqueline Marshall for a report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after conducting an independent review, deny Petitioner's Motion for Release, grant Respondents' Motions to Transfer and Motion to Withdraw Motion to Transfer as it relates to Petitioner's continued detention, and deny the remaining claims contained in Petitioner's Amended Petition.

I. **Background**

On October 22, 2001, Petitioner Ali Partovi, who claims to have been born in Iran, arrived in the Untied States from Japan and applied for admission as a visitor under the Visa Waiver Program using a fraudulent Italian passport bearing the name Michelle Franchini.

*Respondents' Exhibit 1*, ¶ 3. Partovi was accompanied by Farzon Hatami Aghdam. *Id.* The United States Immigration and Naturalization Service ("INS") detained both Partovi and Aghdam and determined that they were using false passports. Upon being interviewed, both claimed to be refugees from Tehran, Iran. *Id.* Partovi stated he was Armenian Catholic and, due to his religious beliefs, could not return to Iran. *Id.*

As a result to his use of a false passport, Partovi was paroled into the United States for prosecution, and due to his claims of fear of returning to Iran, Partovi was placed into removal proceedings to adjudicate his application for asylum, withholding and protection under the Convention Against Torture. *Respondents' Exhibit 3*.

On January 7, 2002, Partovi submitted to the INS an Application for Asylum and for Withholding of Removal. *Respondents' Exhibit 5*. In the Application, Partovi identified his present nationality as Iranian and identified his religion as Roman Catholic. *Id.*, p. 1. He sought asylum or withholding of removal based on his religion and the Convention Against Torture. *Id.*, p. 5.

On April 17, 2002, Partovi pleaded guilty to one count of False Use of a Passport under 18 U.S.C. § 1543. *Respondents' Exhibit 6*, p. 2.

On May 3, 2002, the Immigration Court held a hearing on Partovi's application for asylum, withholding of removal and protection under the Convention Against Torture. *Respondents' Exhibit 8*. At the conclusion of the hearing, Immigration Judge Dayna Dias denied Partovi's request for asylum, noting that the "application is frivolous." The judge also denied Partovi's request for withholding of removal and found him ineligible for deferral of removal under the Convention Against Torture. *Id.* Partovi reserved appeal and the Order indicates that the appeal was due by June 3, 2002. *Id.* Partovi did not appeal the Order.

**II.     DISCUSSION**

    **A.     Motion to Transfer**

The first issue that must be addressed is whether this action should be transferred to the Ninth Circuit. In the Motion to Transfer, Defendants argue that Section 106 of the REAL

ID Act amends portions of section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251, and requires that this action be transferred to the Ninth Circuit for review. Subsequently, Defendants filed a Motion to Withdraw the Motion to Transfer with Regard to Petitioner's Continued Detention. For the reasons discussed below, the Magistrate Judge recommends that the Motion to Withdraw be granted and that the Motion to Transfer be granted insofar as it relates to issues other than Partovi's continued detention.

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief 2005." Division B of the Act is denominated "REAL ID Act of 2005." Section 106 of the REAL ID Act clarifies the scope of judicial review of removal orders. Pursuant to that section, a petition for review to the court of appeals is the exclusive means for review of an administrative order of removal, deportation, or exclusion. REAL ID Act § 106(a)(B); 8 U.S.C. § 1252(a)(5). This provision explicitly deprives the District Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal order entered under the INA.

Section 106(b) of the Act provides that section 106(a) is retroactive:

> subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment.

REAL ID Act, Pub. L. No. 109-13, Div. B, Title I, § 106(b), 119 Stat. 311 (2005).

The REAL ID Act further specifies that if any section 2241 habeas case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal . . . ) to the court of appeals." REAL ID Act § 106(c).

These provisions make clear that the REAL ID Act deprives the District Court of jurisdiction to review the final order for Partovi's removal. Grounds One and Three, and portions of Ground Two of Partovi's Petition for Writ of Habeas seek review of the order of removal. These portions of the Petition must be transferred to the Ninth Circuit Court of

3

Appeals as a petition for review.  *See* REAL ID Act § 106(c) (defining the appropriate transferee court as the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the INA).

### B. Indefinite Detention

Ground Two of the Petition can be construed as attacking Partovi's continued detention and the Motion to Release directly addresses this issue.  With limited exceptions, 8 U.S.C. § 1231(a)(1) requires that the Attorney General remove an alien within ninety days from the issuance of a final removal order.  An exception to this requirement is provided in 8 U.S. C. § 1231(a)(1)(C), which states:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Respondents contend that Partovi's continued detention is authorized by this exception because he has refused to cooperate by obtaining the documents necessary for his removal.

Partovi alleges that he "complied with INS-ICE Deportation Officer in applying for travel documents." *Petition*, p. 6.  This assertion is unsupported by any documentation and is convincingly rebutted by the Respondents, who have attached a number of documents to the Response which establish Partovi's refusal to cooperate.  For example, attached to the Response is an Instruction Sheet to Detainee Regarding Requirement to Assist in Removal, dated March 14, 2003.  *Response*, Exhibit 9.  The Sheet reflects the necessary steps for removal and indicates that Partovi "refused to sign."  Also attached to the response is a September 16, 2003 letter sent by the Bureau of Immigration and Customs Enforcement to Partovi informing him that he would not be released pursuant to INA § 241(a)(1)(C) and 8 U.S. C. § 1231(a)(1)(C) because he had failed "to make timely and good faith efforts to obtain travel or other documents necessary for . . removal from the United States." *Response*, Exhibit 9. Additionally, on April 30, 2004, ICE attempted to serve Partovi with another Instruction Sheet.  *Id.*  As was the case with the first sheet, Partovi again refused to sign.  *Id.*

A situation similar to that presented here was addressed by the Ninth Circuit in *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057 (9th Cir. 2003). Pelich was a Polish national who was ordered deported to Poland or Germany and waived his right to appeal. *Id.* at 1058. After he had been detained for approximately one year, Pelich filed a habeas corpus action alleging his continued detention violated the United States Constitution and the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 1059. The Ninth Circuit rejected Pelich's argument because unlike *Zadvydas*, where the continued detention was not the fault of the aliens, Pelich was responsible for his detention. *Id.* Pelich steadfastly refused to fill out the documents necessary for travel. *Id.* Thus, "[u]nlike the aliens in *Zadvydas*, Pelich [had] the 'keys [to his freedom] in his pocket' and could likely effectuate his removal by providing the information requested by the INS." *Id.* at 1060 (citations omitted). Like Pelich, Partovi's history of refusal to cooperate with his removal supports his continued detention.

**III.     RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **granting** Respondents' Motion to Transfer Case [Docket No. 41] as it relates to review of the order of removal; **granting** Respondent's Motion to Withdraw Motion to Transfer With Regard to Petitioner's Continued Detention [Docket No. 43]; **denying** Petitioner's Amended Petition for Writ of Habeas Corpus [Docket No. 35] filed pursuant to 28 U.S.C. § 2241; and **denying** Petitioner's Motion for Release [Docket No. 42].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

1 Thereafter, the parties have ten (10) days within which to file a response to the objections.
2 If any objections are filed, this action should be designated case number: **CV 03-1098-PHX-**
3 **EHC**. Failure to timely file objections to any factual or legal determination of the Magistrate
4 Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
5 *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 18th day of October, 2005.

Jacqueline Marshall
United States Magistrate Judge